**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951.290.2827
*ben@nexusbk.com*

Attorney for Plaintiff

**LAW OFFICE OF DONALD REID**
DONALD W. REID (281743)
PO Box 2227
Fallbrook, CA 92088
Tel: 951-777-2460
*don@donreidlaw.com*

Attorney for Defendant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:21-bk-11329-SC |
| MICHAEL PAUL NEWMAN, | Chapter 7 |
| Debtor. | Adv. No.: 6:21-ap-01071-SC |
| | **JOINT PRE-TRIAL STIPULATION** |
| CHLOE TAEKYEONG LEE, | <u>Pre-Trial Conference</u><br>Date: April 25, 2023<br>Time: 10:00 a.m.<br>Courtroom 126 |
| Plaintiff, | |
| v. | |
| MICHAEL PAUL NEWMAN, | |
| Defendant. | |

1

Plaintiff, Chloe Taekyeong Lee, and Defendant, Michael Paul Newman, hereby submit the following pre-trial stipulation as follows:

**STIPULATION**

A. The following facts are admitted and require no proof:

1. Sang Hoon Lee ("LEE") formerly worked for Arms Logistics ("ARMS") as a truck driver. In December 2014, LEE was seriously injured in a work-related auto accident involving another transportation truck. The driver in the other truck was employed by Belena Transportation. The police report and Belena Transportation's insurance carrier both found that the Belena Transportation driver was at fault.

2. At the same time, Michael Paul Newman ("NEWMAN") worked for ARMS as their in-house counsel. NEWMAN was paid by Caravan Canopy, a company that was related to ARMS and was owned and operated by the same individuals, Lindy Park and David Hudrlik.

3. After LEE was injured in the accident, there were questions raised as to whether LEE was properly classified as an independent contractor. NEWMAN advised ARMS that he believed LEE was misclassified and likely had a claim against ARMS for Labor Code violations.

4. In early 2015, shortly after LEE's accident, an agreement was reached between LEE and ARMS which provided that ARMS would pay LEE a weekly salary, provide him with Korean/English translation services and transportation services.

5. When NEWMAN took on LEE's representation, a fiduciary attorney-client relationship was created.

6. At the time NEWMAN took on LEE's case, he had been admitted to the

State Bar for approximately one year, did not have any litigation experience, and had never handled a personal injury action.

7. LEE's native language was Korean and he spoke very little English. The translation services, when provided, were by other Korean employees at ARMS.

8. Throughout 2015, NEWMAN was unsuccessful in trying to negotiate a settlement with Belena Transportation's insurance carrier.

9. On January 20, 2016, NEWMAN sent an email to David Hudrlik and Lindy Park, the owners of ARMS, which stated that Belena Transportation's insurance carrier required that LEE sign a contingent fee retainer agreement in order to be able to talk with NEWMAN and to process the insurance claim.

10. On January 20 or 21, 2016, LEE signed a retainer agreement NEWMAN had previously sent to ARMS ("First Retainer Agreement").

11. Shortly after the First Retainer Agreement was executed, ARMS inserted a 15% fee into another copy of the retainer agreement ("Second Retainer Agreement"). LEE then signed the Second Retainer Agreement.

12. In March 2016, Belena Transportation settled the claim for $1,000,000.

13. In late March of 2016, NEWMAN received the $1,000,000 settlement check from Belena Transportation. On March 28, 2016, NEWMAN sent a letter to LEE which stated, among other things, that 15% of the settlement proceeds would be paid to the Law Office of Michael P. Newman and $130,000 would be paid to ARMS.

14. On or about April 8, 2016, a little over a week after the settlement funds cleared NEWMAN's trust account, NEWMAN paid himself $150,000 from the settlement funds which was deposited into his firm's general operating account.

15. On August 28, 2017, LEE sued NEWMAN in the Riverside Superior Court

for conversion, fraud, and legal malpractice.

16. In March and April of 2019, a 5-day trial was held. The claim for legal malpractice was disposed of at trial on NEWMAN's motion for non-suit. At the conclusion of the trial, the court took the matter under submission.

17. In July of 2019, the court entered a statement of decision.

18. On the fraud claim, the court found that LEE did not meet his burden of proof and entered judgment in favor of NEWMAN on this cause of action.

19. On the conversion claim, the court found that NEWMAN agreed to accept $20,000 for his compensation, and by taking $150,000 from the settlement funds, he had committed conversion. The court stated that: 1) LEE had the right to possess the $130,000; 2) NEWMAN converted the $130,000 by a wrongful act; and 3) LEE suffered damages of $130,000.

20. The court held that LEE had exercised his right to void the retainer agreement and determined that the reasonable value of NEWMAN's services was $20,000. The court awarded LEE damages of $130,000.

21. NEWMAN appealed the judgment to the California Court of Appeals on the grounds that the request to void the retainer agreement and the conversion claim were barred by the statute of limitations and that the trial court erred by finding him liable for conversion.

22. LEE cross-appealed on the grounds that the court erred by finding that NEWMAN did not commit and declining to disgorge all of NEWMAN's fees.

23. On March 4, 2021, the appellate court entered an opinion. As to Newman's appeal, the appellate court affirmed the judgment for conversion. They further held that the request to void the retainer agreement was beyond the statute of limitations, but

4

found that the error was harmless since it did not have any effect on the judgment for conversion.

24. On LEE's appeal, the appellate court found that sufficient evidence was presented to support the trial court's finding in favor of NEWMAN on the fraud claim. They further held that LEE forfeited the disgorgement request since it was not raised in the trial court.

25. The appellate court awarded LEE his costs of appeal.

26. After the appellate court entered its opinion on March 4, 2021, NEWMAN filed the instant bankruptcy proceeding on March 15, 2021.

B. The following issues of fact, and no others, remain to be litigated:

1. Whether NEWMAN breached a fiduciary duty when he converted the settlement funds.
2. Whether NEWMAN's acted with wrongful intent when he breached his fiduciary duties.
3. Whether NEWMAN acted with malice when he converted the settlement funds.
4. NEWMAN's capacity at ARMS and representation of other ARMS employees.
5. Whether NEWMAN advised ARMS regarding employee/contractor classifications
6. Whether NEWMAN's representation of ARMS and LEE was a conflict of interest.
7. If a conflict of interest existed, were ARMS and NEWMAN properly

notified of such and were waivers obtained.

8. The terms of the First Retainer Agreement prior to LEE signing it.

9. Whether the terms of the First Retainer Agreement were altered after LEE signed it.

10. Who inserted a 15% contingency fee into the Second Retainer Agreement.

11. The terms of the agreement that was negotiated between NEWMAN and ARMS in February of 2016.

12. Whether NEWMAN agreed to be compensated $20,000 for representing LEE.

13. Whether NEWMAN stated he would not have taken a 15% contingency fee in an email from February of 2016.

14. What LEE understoood the terms of the ARMS reimbursement agreement to be.

15. At what point LEE became aware that NEWMAN was representing him separately from NEWMAN's employment with ARMS.

16. Whether LEE believed the payment to ARMS was intended to cover NEWMAN's legal services.

17. Whether LEE understood the terms of the Second Retainer Agreement to be.

C. The following issues of law, and no others, remain to be litigated:

1. None.

D. Attached is a list of exhibits intended to be offered at the trial by each party, other

6

than exhibits to be used for impeachment only.

1. The Parties shall exchange complete and marked copies of all of their respective exhibits prior to the April 25, 2023, pre-trial conference.

E. The parties have exchanged a list of witnesses to be called at trial.

1. The Parties shall exchange a list of witnesses prior to the April 25, 2023, pre-trial conference.

F. Other matters that might affect the trial such as anticipated motions in limine, motions to withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial motions.

1. None.

G. All discovery is complete.

H. The parties are ready for trial.

I. The estimated length of trial is 1-2 days.

J. The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated. Therefore, this order supersedes the pleadings and governs the course of trial of this cause, unless modified to prevent manifest injustice.

**NEXUS BANKRUPTCY**

Date: April 13, 2023

_____
BENJAMIN HESTON,
Attorney for Plaintiff

**LAW OFFICE OF DONALD REID**

Date: April 13, 2023

_____
DONALD REID,
Attorney for Defendant

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**100 Bayview Circle, Suite 100
Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **JOINT PRETRIAL STIPULATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/13/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
Howard B Grobstein (TR)    hbgtrustee@gtllp.com, C135@ecfcbis.com
Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
Donald W Reid    don@donreidlaw.com, ecf@donreidlaw.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 4/13/2023 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott C. Clarkson
411 West Fourth Street
Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/13/2023 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**